UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRA M. SAMIERE,

    Plaintiff,

    v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

    Defendant.

_____/

No. C 07-1217 PJH

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND REQUEST FOR CONTINUANCE**

       Pro se plaintiff Myra M. Samiere filed this action on March 1, 2007, against defendant San Francisco Unified School District ("SFUSD"), alleging employment discrimination, harassment, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and possibly also asserting violations of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12111, et seq.  Also on March 1, 2007, following the filing of the complaint, the court set an initial case management conference for June 28, 2007.

       On June 19, 2007, SFUSD filed a motion for judgment on the pleadings, arguing that the action is time-barred because plaintiff filed the complaint more than 90 days after the EEOC issued the right-to-sue notice.  SFUSD noticed the motion for hearing on July 25, 2007.

On June 21, 2007, plaintiff filed what a appears to be an opposition to the motion for judgment on the pleadings and a request to continue the hearing on the motion. She also filed a motion for appointment of counsel and a request to continue the initial case management conference.

1.  Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel to represent her in this action. Because plaintiff is not an indigent litigant who may lose her physical liberty if she loses the litigation, there is no right to counsel in this case, see Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). More pertinent to the present action, there is no constitutional right to appointed counsel for employment discrimination claims, Ivey v. Bd. of Regents, 673 F.2d 266, 269 (9th Cir. 1982), nor are funds available in this court (or any federal court) to compensate counsel appointed in civil cases.

The 1964 Civil Rights Act provides for appointment of counsel in employment discrimination cases "in such circumstances as the court may deem just." Bradshaw v. Zoological Soc. of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981); see 42 U.S.C. § 2000e-5(f)(1). In this district, if the court finds that the plaintiff meets certain criteria, the court may refer the case to the Federal Pro Bono Project,[1] which will attempt to locate a volunteer attorney to represent the plaintiff.

Under Bradshaw, the court is required to assess three factors: 1) the plaintiff's financial resources, 2) the efforts made by the plaintiff to secure counsel, and 3) whether the plaintiff's claim has merit. Bradshaw, 662 F.2d at 1318. Here, the court has granted plaintiff's request to proceed in forma pauperis. Thus, plaintiff meets the first factor. However, plaintiff has not satisfied the second or third factors.

With regard to the second factor – the efforts made to secure counsel – plaintiff does not identify, by name, a single attorney that she contacted in an attempt to secure

---

[1] The Federal Pro Bono Project was established by the San Francisco Bar Association for the purpose of assisting indigent Title VII plaintiffs or indigent incarcerated civil rights plaintiffs to secure legal representation.

1 representation. She simply asserts that she has "tried searching," but has "had no luck
2 with the Lawyers Referal of S.F., resources in the booklet provided by the U.S. District
3 Court . . . , online and phone research." This showing is not sufficient to establish that
4 plaintiff has made a serious effort to obtain counsel on her own.

With regard to the third factor – whether the complaint has merit – plaintiff has made no showing whatsoever. In Bradshaw, the Ninth Circuit noted that if the EEOC "has found 'reasonable cause,' . . . the claim should ordinarily be deemed meritorious." Id. at 1309. Here, however, the EEOC issued the right-to-sue notice because it "determined that it will not be able to investigate and conciliate [the] charge within 180 days of the date the Commission assumed jurisdiction over the charge," and because plaintiff specifically requested the EEOC to issue the notice.

Thus, there is no indication that the EEOC found discrimination or "reasonable cause," and no basis upon which the court can find that plaintiff's claim of discrimination is meritorious. Further, plaintiff presented no argument in her request for appointment of counsel which could be viewed as supporting her claim of discrimination by the SFUSD. Accordingly, the court finds that at this stage of the litigation, the request for appointment of counsel must be DENIED.[2]

    2.      Request for Continuance of Initial Case Management Conference and Date for Hearing on Motion for Judgment on the Pleadings.

Plaintiff seeks a continuance of the date of the initial case management conference "until I receive a court appointed/pro-bono attorney." Because plaintiff does not meet the standard for appointment of counsel, as explained above, the request to continue the case management conference cannot be granted for the reason provided by plaintiff. Instead, in view of the pending motion for judgment on the pleadings, the court hereby VACATES the case management conference. The parties will be advised of the new date, if any, in

---

[2] The court finds further that plaintiff does not meet the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

the order ruling on the motion for judgment on the pleadings.

    3.    Request for Continuance of the Hearing on the Motion for Judgment on the Pleadings

To the extent that plaintiff intended to request a continuance of the motion hearing date, that request is also DENIED, because plaintiff has not stated any good cause for the request.

    4.    Failure to File Certificate of Service

None of plaintiff's three June 21, 2007, filings – the request for appointment of counsel, the request for a continuance of the initial case management conference, or the response to SFUSD's motion for judgment on the pleadings – was accompanied by a certificate of service on counsel for SFUSD, as required by Civil Local Rule 5-6.  The court cautions plaintiff that, in the future, it will not consider any pleading or other paper that is filed without an attached certificate of service.

**IT IS SO ORDERED.**

Dated:  June 25, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge