United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRA M. SAMIERE,

    Plaintiff,

    v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

    Defendant.

_____/

No. C 07-1217 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND SETTING CASE MANAGEMENT CONFERENCE**

Defendant's motion for judgment on the pleadings came on for hearing before this court on July 25, 2007. Plaintiff Myra M. Samiere ("Samiere") appeared in propria persona, and defendant San Francisco Unified School District ("SFUSD") appeared by its counsel Nicholas T. Hua. Having read the parties' papers and carefully considered their arguments and the relevant legal authorities, the court DENIES defendant's motion as follows and for the reasons stated at the hearing.

On August 31, 2006, Samiere filed a charge of discrimination in employment with the Federal Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter, dated November 27, 2006, which Samiere asserts that she received on December 27, 2006. Samiere filed the present action on March 1, 2007. SFUSD now seeks judgment on the pleadings on the ground that the action is time-barred because Samiere filed her complaint more than ninety days after the giving of the Notice.

A motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), "challenges the legal sufficiency of the opposing party's pleadings." William Schwarzer et al., Federal Civil Procedure Before Trial ¶ 9:316 (2006); Fed. R. Civ. Proc. 12(c). Judgment on the pleadings is "proper when the moving party clearly establishes on

the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990) (citation omitted).

In considering a motion for judgment on the pleadings, the court must accept all allegations of the non-moving party as true, while the allegations of the moving party which have been denied are assumed to be false. Id. Moreover, all inferences reasonably drawn from the material facts must be construed in favor of the non-moving party. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). Thus, a "defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery" for the plaintiff. Schwarzer et al. at ¶ 9:336.

However, a judgment on the pleadings is "improper when the district court goes beyond the pleadings" and relies on extrinsic evidence "to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, 896 F.2d at 1550 (citing Fed. R. Civ. Proc. 12(c). Here, the Notice attached to Samiere's complaint is treated as part of the complaint, not extrinsic evidence, and can therefore be properly considered on the present motion for judgment on the pleadings. See Schwarzer et al. at ¶ 9:339.1.

Before a claimant may file an employment discrimination complaint, she must file a timely charge of discrimination with the EEOC. Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997). If the EEOC dismisses the charge and issues a right-to-sue letter, a claimant has ninety days "after the *giving* of such notice" to file a civil action against her employer. 42 U.S.C. § 2000e-5(f)(1) (emphasis added). "This ninety-day period is a statute of limitations." Nelmida, 112 F.3d at 383 (citing Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir. 1992)).

At issue in the present motion is the date of the "giving" of the notice. Samiere asserts that she received the Notice on December 27, 2006, that this date constitutes the "giving" of the notice, and that this date should trigger the statute of limitations analysis.

2

Conversely, SFUSD asserts that the right-to-sue letter was sent on November 27, 2006, the date printed on the top of the letter. SFUSD argues that under the authority of the Ninth Circuit's decision in Scholar, this date constitutes the "giving" of the notice and that this date should therefore be operative in the statute of limitations analysis.

The court finds, however, that Scholar does not support the argument that the date printed on the notice, November 27, 2006, should trigger the start of the ninety-day period. In Scholar, the EEOC sent the notice-of-right-to-sue letter to the claimant by certified mail on October 26, 1988. The right-to-sue letter was received and signed for by the claimant's daughter on November 1, 1988. However, the claimant did not actually read the letter until a few days after it was delivered to her home. The claimant filed her action on February 2, 1989, which was within ninety days of the date she personally received the right-to-sue letter and read the notice, but not within ninety days of the date her daughter received and signed for the letter. Scholar, 963 F.2d at 267.

The Ninth Circuit rejected the claimant's argument that the day she personally received the letter constituted the date of the "giving" of the notice. Id. Finding that the day the claimant's daughter received and signed for the letter was the operative date in the analysis, the Ninth Circuit ruled that the claimant's action had been filed three days after that statute of limitations expired and that her action was therefore time-barred. Id.

The Ninth Circuit in Scholar did not hold that the date printed on the right-to-sue letter constitutes the "giving" of the notice. Moreover, in the present case, even if the EEOC sent the right-to-sue letter to plaintiff on November 27, 2006, it does not necessarily follow from Scholar that the ninety-day period began to run on that date. This is evinced by the fact that the Scholar court did not hold that the ninety-day period began to run on the date that the EEOC sent the right-to-sue letter to the claimant by certified mail. Instead, the Ninth Circuit in Scholar, following the Fourth, Fifth, and Eleventh Circuits, drew a distinction between the date the letter was received at the claimant's residence and the date the claimant actually received the letter in hand, and held that the former constituted the "giving" of the notice of the right-to-sue letter. Scholar, 963 F.2d at 267 (citations omitted).

From the facts presented in the papers, the present case is not one in which the right-to-sue letter arrived at the claimant's residence one day and was then received in-hand by the claimant on a later date.  SFUSD provides no evidence establishing either the date the EEOC mailed the right-to-sue letter, or the date it arrived at plaintiff's residence, and this court must accept plaintiff's allegations as true and make all reasonable inferences in her favor.  Thus, under Scholar, the notice was given to plaintiff on December 27, 2006 and the statute of limitations expired on March 27, 2007.  Samiere therefore timely filed her civil action in this court.

The court's conclusion today is also consistent with the Ninth Circuit's decision in Mann v. American Airlines, 324 F.3d 1088 (9th Cir. 2003).  In that case, the claimant "*received* [the] 'right-to-sue' letter from the [EEOC]" on August 2, 2000 and filed his action eighty-nine days later on October 30, 2000.  Id. at 1089 (emphasis added).  The Ninth Circuit held that the filing of the complaint was within the limitations period set forth in 42 U.S.C. § 2000e-5(f)(1)."  Id.  Here, again, the Ninth Circuit determined that the date notice was "given" was the date the right-to-sue letter was received by the claimant, not the date the EEOC sent it.

For the foregoing reasons, the court finds that the notice was "given" to Samiere on December 27, 2006 for the purposes of 42 U.S.C. § 2000e-5(f)(1) and that the statute of limitations expired on March 27, 2007.  Therefore, Samiere timely filed her civil action in this court, SFUSD's motion must be DENIED.

The court will conduct an initial case management conference in this case on August 23, 2007 at 2:30 P.M.

**IT IS SO ORDERED.**

Dated: July 30, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

4