UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRA M. SAMIERE,

    Plaintiff,

    v.

SAN FRANCISCO UNIFIED
SCHOOL DISTRICT,

    Defendant.
_____/

No. C 07-1217 PJH

**ORDER TO SHOW CAUSE**

TO PLAINTIFF MYRA M. SAMIERE:

YOU ARE HEREBY ORDERED TO SHOW CAUSE IN WRITING, no later than August 24, 2007, why the court should not dismiss the above-entitled action for failure to comply with the jurisdictional pre-requisites.

On August 2, 2007, the Ninth Circuit issued an opinion clarifying the standard to be applied in determining whether a Title VII action is timely filed. See Payan v. Aramark Mgmt. Servs. Limited Partnership, __ F.3d __, 2007 WL 2199270 (9th Cir., Aug. 2, 2007). Based on this newly clarified standard, the court finds that plaintiff must provide evidence supporting her claim that she did not receive the right-to-sue letter until December 27, 2006.

As this court noted in its July 30, 2007, order denying defendant's motion for judgment on the pleadings, a Title VII plaintiff has ninety days after the EEOC's "giving of

such notice [of the right to sue]" to file a civil action against the employer.  42 U.S.C. § 2000e-5(f)(1).  In Payan, the Ninth Circuit held that the issuance date of the right-to-sue letter is presumed to be the date on which the letter was mailed, and that the date of receipt by the plaintiff is presumed to be three days after the date of mailing.  Payan, 2007 WL 2199270 at *3-5.

The presumption that the plaintiff received the right-to-sue letter three days after the date of mailing is a rebuttable one.  Id. at *5.  In determining whether the presumption has been rebutted, courts should look for "evidence suggesting that receipt was delayed beyond the presumed period."  Id.  It is the plaintiff's burden to provide such evidence.

Here, the right-to-sue letter was dated November 27, 2006.  Thus, under the rule articulated in Payan, the court presumes that it was issued on that date, and that it was received no later than three days after November 27, 2006 – that is, on November 30, 2006.  Plaintiff, who is proceeding pro se, provided no admissible evidence establishing the date of receipt.  She simply stated in her opposition to the motion that she had received the letter on December 27, 2006.  At the hearing on the motion, she reiterated that she had received the letter on December 27, 2006, and added that she lives in an apartment building and that the mail is sometimes delayed.

However, the Ninth Circuit has now rejected such "unsupported conjectures."  Id. at *6 (noting that the plaintiff had suggested that the right-to-sue letter "could have been delayed" and that she had "gotten mail that'[d] been delayed before . . . [s]ometimes about a week," but finding such comments to be "[in]sufficiently definite, without corroborating evidence, to conclude that the right-to-sue letter arrived no more than three days after issuance by the EEOC").

Accordingly, plaintiff is hereby ORDERED to provide evidence supporting her claim that she did not receive the right-to-sue letter until December 27, 2006.  The primary way of providing evidence to the court is by filing a declaration.  A declaration is a written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states in the declaration is true.  Declarations must contain only facts, and

may not contain law or argument.  Nor may declarations contain statements made by persons other than the person making the declaration.  That is, the declarant may not report as fact something that another person reported as fact, but which the declarant does not personally know to be true.

In this case, plaintiff must provide a declaration describing in detail the circumstances under which she received the right-to-sue letter.  For example, she must state how she received the letter – whether it was placed in her mailbox, or she received it some other way – and the date she received the letter.  She must state whether she knows the date the letter arrived at her building, and if so, what that date was.  She must state whether each residential unit in her building has its own mailbox, and if so, whether she checks her mailbox every day.  In addition, she should state any other facts that she has which bear on the issue.  If some other individual has personal knowledge of the factual circumstances regarding plaintiff's receipt of the letter, plaintiff should endeavor to obtain a written declaration under penalty of perjury from that individual as well.

The first page of a declaration should contain the caption of the case, and include, under the case number, the name of the document – for example, "Declaration of Myra M. Samiere in Support of Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings."  The declaration should consist of a series of numbered paragraphs, with each paragraph containing a different fact.  At the end of the declaration, the following statement should appear:  "I declare under penalty of perjury that the foregoing is true and correct."  The declaration should then be signed by the person whose statements it contains, and should also be dated with the date it was signed.  Plaintiff must also serve defendant's counsel with a copy of the declaration or declarations.

If plaintiff fails to provide evidence by August 24, 2007, establishing the date she received the right-to-sue letter, the court will issue an order granting defendant's motion for judgment on the pleadings.  If plaintiff does provide such evidence by the stated deadline, defendant may respond with argument not to exceed five pages, and evidence of its own if it so elects, no later than September 4, 2007.

The date for the initial case management conference, previously set for Thursday, August 23, 2007, is VACATED. The court will set a new date for the case management conference in the event that the case is not dismissed.

**IT IS SO ORDERED.**

Dated: August 3, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge