UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MYRA M. SAMIERE,

        Plaintiff,

    v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

        Defendant.
_____/

No. C 07-1217 PJH

**ORDER DISMISSING CASE**

       Plaintiff Myra M. Samiere filed this action on March 1, 2007, against defendant San Francisco Unified School District ("SFUSD"), alleging discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. SFUSD moved for judgment on the pleadings, on the ground that the action was time-barred under 42 U.S.C. § 2000e-5(f)(1) because plaintiff filed her complaint more than ninety days after the Equal Employment Opportunity Commission ("EEOC") gave plaintiff notice of her right to sue.

       The EEOC notice was dated November 27, 2006, but plaintiff alleged that she did not receive it until December 27, 2006. Nevertheless, SFUSD argued that plaintiff had received the notice on November 27, 2006. On July 30, 2007, the court denied the motion, based on SFUSD's failure to provide any evidence regarding the date plaintiff received the notice, and also based on plaintiff's statement at the hearing that she received the notice on December 27, 2006.

       On August 2, 2007, the Ninth Circuit issued an opinion clarifying the standard to be

applied in determining whether a Title VII action is timely filed.  See Payan v. Aramark Mgmt. Servs. Limited Partnership, 495 F.3d 1119 (9th Cir. 2007).  On August 3, 2007, in light of the Payan decision, the court issued an order to show cause, directing plaintiff to show cause in writing why the case should not be dismissed for failure to comply with the jurisdictional prerequisites.  The court ordered plaintiff to provide evidence in the form of a declaration supporting her claim that she did not receive the right-to-sue letter until December 27, 2006.   The court provided a detailed explanation of what is required for a declaration to be considered competent evidence.

On August 22, 2007, plaintiff filed a response to the order to show cause, stating that "a postcard/notice was mailed to me in December 2006," that she "turned in the postcard/notice in exchange for a letter," which she then "learned was a right to sue letter." Thus, she asserts, "on December 27, 2006, I received the right to sue letter at question." She attached a copy of the envelope from the U.S. Department of Justice, Civil Rights and Employment Litigation, in Washington, D.C.  The envelope, which was sent "Certified Mail," bears a postmark from Washington, D.C., 20530, postmark dated November 27, 2006, and also bears a hand-written notation of "12/1."

Under Payan, the issuance date of the right-to-sue letter is presumed to be the date of mailing. Id. at 1123.  Here, the date of the postmark on the envelope and the date of the right-to-sue letter itself are the same – November 27, 2006.  In addition, the date of receipt of the letter is presumed to be three days after the date of mailing. Id. at 1125.  "This presumption – that the plaintiff received a right-to-sue letter by the date presumed under a three-day rule – is a rebuttable one." Id. at 1126.  In order to rebut the mailing presumption, "the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course." Id.  The plaintiff must do this by providing sworn testimony or other competent evidence from which it can reasonably be inferred that the letter took longer than three days to reach her by mail. Id. (citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996)).

In the order to show cause, the court directed plaintiff to provide "a declaration

describing in detail the circumstances under which she received the right-to-sue letter." The court explained,

> For example, she must state how she received the letter – whether it was placed in her mailbox, or she received it some other way – and the date she received the letter. She must state whether she knows the date the letter arrived at her building, and if so, what that date was. She must state whether each residential unit in her building has its own mailbox, and if so, whether she checks her mailbox every day. In addition, she should state any other facts that she has which bear on the issue. If some other individual has personal knowledge of the factual circumstances regarding plaintiff's receipt of the letter, plaintiff should endeavor to obtain a written declaration under penalty of perjury from that individual as well.

Order to Show Cause, at 3. The court also provided instructions regarding the format of the declaration, adding that "[a]t the end of the declaration, the following statement should appear: 'I declare under penalty of perjury that the foregoing is true and correct,'" and that the declaration should be dated and signed. Id.

Plaintiff's response does not comply with the court's directives. Plaintiff simply states that a "postcard/notice" was mailed to her in December 2006, and that she turned the postcard into the post office on December 27, 2006, and received the letter containing the right-to-sue notice. This is a not the same story she told the court on July 25, 2007, at the hearing on defendant's motion for judgment on the pleadings, where she stated that she had received the letter on December 27, 2007, and added that she was living in an apartment building where the mail was sometimes delayed (suggesting that the letter had simply been misdelivered).

Plaintiff has provided no evidence establishing the date the postcard was delivered to her address or the date she received the right-to-sue letter; and no evidence rebutting the presumption that the letter was mailed on November 27, 2006, or that the letter arrived at her address three days letter. Indeed, plaintiff's response cannot be considered competent evidence as it is not a declaration signed under penalty of perjury. Further, the court declines to interpret the hand-written notation "12/1" on the envelope as an indication of the first date that the post office attempted delivery at plaintiff's address, because plaintiff has not provided a declaration stating that this is the envelope the right-to-sue letter arrived

in, and has not stated that the notation "12/1" was on the envelope when she received it.

The ninety-day period within which to file suit under Title VII, 42 U.S.C. § 2000e-5(f)(1), did not begin on the date that plaintiff decided to go to the post office to pick up the letter which had been addressed to her at her address of record.  Rather the 90-day period "beg[an] running when delivery of the right-to-sue notice was attempted at the address of record."  Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997).

Based on plaintiff's failure to rebut the presumption that the letter was mailed on November 27, 2006, and was received on November 30, 2006, the court finds that the lawsuit was not timely filed, as 90 days from November 30, 2006, was February 28, 2007. Accordingly, the court finds that defendant's motion for judgment on the pleadings must be GRANTED, and that the action must be DISMISSED.

**IT IS SO ORDERED.**

Dated:  October 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge